**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MARION PARHAM,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 23-cv-1314** |
| ) | |
| **ILLINOIS RIVER CORRECTIONAL** ) | |
| **CENTER,** ) | |
| **Defendant.** ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se*, files suit under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Illinois River Correctional Center ("Illinois River"). This cause is before the Court for a merit review of Plaintiff's Complaint. (Doc. 1). The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A. In reviewing the Complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

Plaintiff alleges he slipped and fell on ice and injured his back at Illinois River on January 27, 2022. Plaintiff alleges he would not have fallen if Illinois River had put salt on the ice or shoveled it. Plaintiff does not name the individuals who are allegedly responsible for violating his constitutional rights. (*See* Doc. 1 at p. 1-3). Illinois River is not a proper Defendant, as a prison not

1

a "person" amenable to suit under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983"). Illinois River, as a State agency, enjoys Eleventh Amendment immunity in a suit for money damages. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

Plaintiff's Complaint is DISMISSED with leave to amend within 30 days. Plaintiff is placed on notice that if he files an Amended Complaint, he must identify the individuals he believes violated his constitutional rights. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (for § 1983 liability, defendant must be "personally responsible for the deprivation of a constitutional right")); *Prindable v. Watson*, No. 21-697, 2021 WL 3089125, at *1 (S.D. Ill. July 22, 2021) ("[p]laintiffs are required to associate specific defendants with specific claims, so that the defendants are put on notice of the claims brought against them and can properly answer the complaint.") (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). The Clerk is directed to send Plaintiff a Section 1983 complaint form to aid him in this purpose. The failure to file an Amended Complaint will result in the dismissal of this case for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

Finally, Plaintiff filed three Motions to Request Counsel. (Docs. 5, 11, and 12). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a request for counsel, the Court must first determine if the plaintiff made a reasonable attempt to obtain counsel or was effectively precluded from doing so. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citing *Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017)). Plaintiff has not

2

demonstrated a reasonable attempt to secure his own lawyer. Plaintiff's motion is denied with leave to renew. If Plaintiff renews his motion, he is directed to attach copies of letters he sent to or received from prospective counsel, list the attorneys or law firms he contacted, and indicate whether he received a response.

**IT IS THEREFORE ORDERED:**

**1)      Plaintiff's Complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have the opportunity to file an Amended Complaint within 30 days from the entry of this Order. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely Amended Complaint will result in the dismissal of this case for failure to state a claim.**

**2)      The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.**

**3)      Plaintiff's Motions to Request Counsel [5], [11], [12] are DENIED.**

**4)      Plaintiff shall immediately inform the Court in writing of any change in his mailing address and, if released from custody, his telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

ENTERED: 1/10/24

s/ James E. Shadid
James E. Shadid
U.S. District Court Judge

3