**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| MARION PARHAM, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-cv-1314 |
| ) | |
| ILLINOIS RIVER CORRECTIONAL ) | |
| CENTER, ) | |
|    Defendant. ) | |

**MERIT REVIEW ORDER – AMENDED COMPLAINT**

Plaintiff, proceeding *pro se*, files suit under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Illinois River Correctional Center ("Illinois River"). This cause is before the Court for a merit review of Plaintiff's Amended Complaint. (Doc. 16). The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Amended Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A. In reviewing the Amended Complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

**ALLEGATIONS**

Plaintiff names John Doe, the Maintenance Supervisor at Illinois River, as the sole Defendant. Plaintiff alleges he injured his back when he slipped and fell on an icy walkway on his way to the yard on January 27, 2022. Plaintiff alleges he would not have fallen if Defendant John

1

Doe had cleaned the ice off the walkway. Plaintiff alleges he received an MRI and is "having a real problem with [his] back." (Doc. 16 at p. 4).

## ANALYSIS

To plead an Eighth Amendment conditions of confinement claim, Plaintiff must plead that "the conditions at issue were 'sufficiently serious' so that 'a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities'" and that the prison official acted with deliberate indifference to the conditions in question. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). A plaintiff must allege "that an official actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). A substantial risk of harm is one in which the risk is "so great" that it is "almost certain to materialize if nothing is one." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (internal citations omitted). "[T]he conditions presenting the risk must be sure or very likely to cause … needless suffering, and give rise to sufficiently imminent dangers." *Id.*

Plaintiff alleges Defendant John Doe was negligent by not clearing the ice off the walkway. Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Plaintiff did not allege that Defendant knew of the unsafe conditions, but failed to act. Moreover, even if an individual knew that there was an icy patch and failed to act, "[f]ederal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without

more, cannot constitute a hazardous condition of confinement." *Pyles v. Fahim*, 772 F.3d 403, 410 (7th Cir. 2014); *see also Cross v. Indiana Dep't of Corr.*, No. 3:19-CV-486-DRL-MGG, 2020 WL 1929119, at *2 (N.D. Ind. Apr. 21, 2020) (inmate who slipped on icy sidewalk did not state Eighth Amendment claim). Accordingly, the Court finds that Plaintiff has failed to state an Eighth Amendment conditions of confinement claim based on the icy walkway.

At most, Plaintiff may have stated a negligence claim; however, given the dismissal of the federal claim, the Court finds it appropriate to relinquish jurisdiction over any state law negligence claim Plaintiff may have. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.,* 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c).")

Plaintiff's Amended Complaint is dismissed without prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff a FINAL opportunity to file a Second Amended Complaint within 30 days of this Order. Plaintiff's Second Amended Complaint must stand complete on its own and must not refer to his previous complaints. If Plaintiff fails to file a timely Second Amended Complaint or if his Second Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice.

### MOTION FOR COUNSEL

Plaintiff filed a Motion to Request Counsel. (Doc. 17). Plaintiff has no constitutional or statutory right to the appointment of counsel, and the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). The Court must first determine if "the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded

3

from doing so." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citing *Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017)). Plaintiff attached only two letters from attorneys who declined to take his case. (Doc. 17 at pp. 2-3). He did not explain what additional efforts he made to find an attorney. Demonstrating a reasonable effort to obtain representation typically requires submitting letters from several attorneys declining assistance and copies of any documents which show Plaintiff tried to find an attorney. *See Olson*, 750 F.3d at 711. Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Plaintiff's motion is DENIED with leave to renew. If Plaintiff refiles his motion, he must include a list of the attorneys or law firms he contacted and copies of letters he sent or received.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have a FINAL opportunity to file a Second Amended Complaint within 30 days of this Order. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file his Second Amended Complaint on or it fails to state a claim for relief, his case will be dismissed with prejudice.**

2) **Plaintiff's state law negligence claim is DISMISSED WITHOUT PREJUDICE.**

3) **Plaintiff's Motion to Request Counsel [17] is DENIED.**

4) **The Clerk is directed to provide Plaintiff with a blank Section 1983 complaint form for his assistance.**

ENTERED:  3/21/2024

s/ James E. Shadid
James E. Shadid
U.S. District Court Judge

4