UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARION PARHAM,<br>   Plaintiff,<br><br>vs.<br><br>ILLINOIS RIVER CORRECTIONAL CENTER,<br>   Defendant. | Case No. 23-cv-1314 |

**MERIT REVIEW ORDER – SECOND AMENDED COMPLAINT**

Plaintiff, proceeding *pro se*, files suit under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Illinois River Correctional Center ("Illinois River"). This cause is before the Court for a merit review of Plaintiff's Second Amended Complaint. (Doc. 22). The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Second Amended Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A. In reviewing the Second Amended Complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

**ALLEGATIONS**

Plaintiff names John Doe, the Maintenance Supervisor at Illinois River, as the sole Defendant. Plaintiff alleges he was suffered a serious injury on January 27, 2022, because Defendant Doe did not do his job. Plaintiff alleges that Defendant Doe had a duty to ensure the

1

walkways in the facility are clear for inmates and employees. Plaintiff alleges Defendant Doe did not check if the walkways were clear of ice and failed to use his equipment or enough salt to stop the accident from happening.

## ANALYSIS

To plead an Eighth Amendment conditions of confinement claim, Plaintiff must plead that "the conditions at issue were 'sufficiently serious' so that 'a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities'" and that the prison official acted with deliberate indifference to the conditions in question. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). A plaintiff must allege "that an official actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). A substantial risk of harm is one in which the risk is "so great" that it is "almost certain to materialize if nothing is one." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (internal citations omitted). "[T]he conditions presenting the risk must be sure or very likely to cause … needless suffering, and give rise to sufficiently imminent dangers." *Id.*

Plaintiff alleges Defendant Maintenance Supervisor John Doe violated his constitutional rights by not clearing ice off a walkway. Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Plaintiff did not allege that Defendant Doe knew of the unsafe conditions, but failed to act. Moreover, even if Defendant Doe knew there was an icy patch and

failed to act, "[f]ederal courts consistently have adopted the view that slippery surfaces…in prisons, without more, cannot constitute a hazardous condition of confinement." *Pyles v. Fahim*, 772 F.3d 403, 410 (7th Cir. 2014); *see also Cross v. Indiana Dep't of Corr.*, No. 3:19-CV-486-DRL-MGG, 2020 WL 1929119, at *2 (N.D. Ind. Apr. 21, 2020) (inmate who slipped on icy sidewalk did not state Eighth Amendment claim). Accordingly, the Court finds that Plaintiff has failed to state an Eighth Amendment conditions of confinement claim based on the icy walkway.

Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court finds that any amendment would be futile, as Plaintiff has had three opportunities to allege a cognizable claim and failed to do so.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment would be futile. This case is therefore closed. The Clerk is directed to enter a judgment.

2. This dismissal may count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk is directed to record Plaintiff's strike in the three-strike log.

3. Plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk. (See d/e 9/8/2023).

4. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also*

*Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED: 5/20/2024

s/ James E. Shadid  
James E. Shadid  
U.S. District Court Judge